# UNITED STATES DISTRICT COURT
# FOR THE
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JESSICA MARCOS,               ) | |
|                                              ) | |
|       Plaintiff,                          ) | |
|                                              ) | |
|       v.                                  ) | Case No.: |
|                                              ) | |
| NATIONAL RECOVERY ) | |
| AGENCY,                              ) | COMPLAINT AND DEMAND |
|                                              ) | FOR JURY TRIAL |
|       Defendant.                      ) | |
| _____) | (Unlawful Debt Collection Practices) |

## **COMPLAINT**

JESSICA MARCOS ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL RECOVERY AGENCY ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq*.

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate

United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Massachusetts, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Hyannis, Massachusetts.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

8. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant was attempting to collect a personal debt from Plaintiff.

12. The alleged debt at issue arose out of transactions related to a National Grid utility debt that were primarily for personal, family or household purposes.

13. Plaintiff disputes owing this debt as she was not living in the unit at the time the debt was incurred.

14. Beginning on or around December 13, 2015, Defendant placed repeated harassing telephone calls to Plaintiff's cellular telephone.

15. Defendant's representatives have contacted Plaintiff from phone numbers including, but not limited to, (800) 360-4319. The undersigned has confirmed that this phone number belongs to the Defendant.

16. Plaintiff told Defendant to stop calling her on March 5, 2016 and also told Defendant that she was unable to make payments higher than $50 per week.

17. Plaintiff was unable to make higher payments as she was living in a shelter at the time.

18. In response, Defendant's representatives said that they would not accept less than the full amount of the debt.

19. Plaintiff reiterated her request for calls to cease on several occasions thereafter.

20. When Plaintiff told Defendant to stop calling her, on several occasions Defendant would hang up on her.

21. Defendant's representatives ignored Plaintiff's requests to stop calling and continued to call her on several occasions thereafter.

22. Once Defendant knew its calls were unwanted any further calls could only have been made for the purpose of harassing Plaintiff.

23. During March 2016, Defendant's representatives also threatened to garnish Plaintiff's wages and hold her tax return if the debt was not paid.

24. Upon information and belief, Defendant did not have any intention of taking these actions, but made these threats in order to coerce payment from Plaintiff.

25. After Plaintiff's requests to stop calling were ignored by Defendant's representatives, Plaintiff was forced to block calls from their phone number.

26. Finally, within five days of its initial communication with Plaintiff, Defendant failed written correspondence to Plaintiff setting forth her rights pursuant to the FDCPA.

## COUNT I
## DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA

27. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

28. A debt collector violates §1692 (d)(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated §§1692d and 1692d(5) when it placed repeated and harassing telephone calls to Plaintiff's cellular telephone and when it continued to call her knowing its calls were unwanted.

## COUNT III
## DEFENDANT VIOLATED §§1692e, 1692e(5), and 1692e(10) OF THE FDCPA

30. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

31. A debt collector violates §1692e(5) of the FDCPA by threatening to take action that cannot legally be taken or is not intended to be taken.

32. A debt collector violates §1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

33. Defendant violated §§1692e, 1692e(5) and 1692e(10) when it threatened to garnish Plaintiff's wages and take her tax return without the intent to take such actions.

## COUNT III
## DEFENDANT VIOLATED §1692g OF THE FDCPA

34. A debt collector violates §1692g of the FDCPA by failing to send the consumer a written notice, within five days after the initial communication with the consumer, containing all of the following: the amount of the debt, the name of the creditor to whom the debt is owed, a statement that unless the consumer disputes the debt within thirty days after receiving this written notice, the debt will be taken as valid by the debt collector, a statement that if the consumer does notify the debt collector that s/he disputes the debt, the debt collector will obtain and mail out verification of the debt, or a copy of any existing judgment, a statement that, upon the consumer's written request, the debt collector will provide the name and address of the original creditor.

35. Defendant violated §1692g when it failed to send Plaintiff the required written notice within five days after the initial communication was made by phone on or about December 13, 2015 in violation of §1692g of the FDCPA.

WHEREFORE, Plaintiff, JESSICA MARCOS, respectfully prays for judgment as follows:

    a. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JESSICA MARCOS, demands a jury trial in this case.

Respectfully submitted,

Dated: October 24, 2016             /s/ Craig T. Kimmel
                                    Craig T. Kimmel, Esq.
                                    Kimmel & Silverman, P.C.
                                    30 East Butler Pike
                                    Ambler, PA 19002
                                    Phone: (215) 540-8888
                                    Facsimile: (877) 788-2864
                                    Email: kimmel@creditlaw.com